Case 2:22-cv-00094   Document 66   Filed on 11/26/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BANQUETE INDEPENDENT SCHOOL DISTRICT,  §§§§ Plaintiff, § V. § THE ALLIANCE FOR COMMUNITY SOLUTIONS, LTD., §§§§ Defendant. | CIVIL ACTION NO. 2:22-CV-00094 |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason B. Libby's Memorandum and Recommendation ("M&R"). (D.E. 59). The M&R recommends that the Court (1) deny Plaintiff's Amended Motion to Exclude Expert Witness Joe Abrams, (D.E. 35), and (2) deny Plaintiff's Motion to Plea to the Jurisdiction, (D.E. 47). (D.E. 59, p. 11). Plaintiff objects to the M&R. (D.E. 62). After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 62), and **ADOPTS** the M&R in its entirety, (D.E. 59). Accordingly, the Court **DENIES** Plaintiff's Amended Motion to Exclude Expert Witness Joe Abrams, (D.E. 35), and **DENIES** Plaintiff's Motion to Plea to the Jurisdiction, (D.E. 47).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party "must point out with particularity" any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). As to any portion for which no objection is filed, a district court

reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff lodges three objections to the M&R's recommendation that the Court deny Plaintiff's Motion to Plea to the Jurisdiction: (1) Plaintiff's plea to the Jurisdiction should have been granted; (2) Plaintiff could not withdraw its motion and file a proper motion to dismiss under Federal Rule of Civil Procedure 12(b)(1); and (3) Plaintiff did not waive its sovereign immunity because the Interlocal Agreement does not contain all the essential terms for a valid waiver and was not properly executed (D.E. 62, p. 2–5). Plaintiff does not object to the M&R's recommendation that the Court deny Plaintiff's motion to exclude. *See id.* at 1–5.

The Court need not consider the first objection because it is conclusive and general.[1] *Nettles*, 677 F.2d at 410 n.8.

The Court **OVERRULES** the second objection. Judge Libby expressed dissatisfaction that Plaintiff failed to file an appropriate motion for the Court's consideration of jurisdiction. (D.E. 59, p. 2). Plaintiff objects, arguing that it could not correct this error, as the deadline to file any dispositive motions had passed. (D.E. 62, p. 2). Plaintiff does not explain why it could not seek leave to file a revised dispositive motion after the deadline passed. And this is neither here nor there. Judge Libby looked past Plaintiff's failure to file an appropriate motion and considered Plaintiff's motion as one filed pursuant to Rule 12(b)(1). (D.E. 59, p. 2). So, it does not matter whether Plaintiff could timely file a proper motion under Rule 12(b)(1).

The Court **OVERRULES** the third objection. Plaintiff disagrees with the M&R's finding that Plaintiff does not receive governmental immunity from counterclaims to the extent that any recovery

---

[1] Plaintiff raises this same objection three times: "Plaintiff further objects because Plaintiff's Plea to the Jurisdiction should have been granted," (D.E. 62, p. 2); "Plaintiff further objects to these findings because BISD's motion should be granted," *id.* at 4; and "Plaintiff objects to these findings because Plaintiff's Plea to the Jurisdiction should be granted," *id.*

on these counterclaims serves as an offset against the government's recovery. (D.E. 62, p. 2–3) (citing D.E. 59, p. 5–6). Plaintiff offers two reasons that Defendant did not show a valid waiver of governmental immunity: (1) the Interlocal Agreement does not contain all essential terms for a valid waiver of governmental immunity under Texas Local Government Code § 271.152 and (2) the Interlocal Agreement was not properly executed. (D.E. 62, p. 2–3). But Plaintiff talks past the M&R's conclusion. The M&R did not determine whether the Interlocal Agreement waived sovereign immunity. *See* (D.E. 59, p. 6 n.2). Instead, the M&R determined that sovereign immunity does not apply to Defendant's counterclaim to the extent it is a defensive counterclaim that operates as an offset to Plaintiff's recovery. *See id.* (first quoting *St. Maron Props., L.L.C. v. City of Houston*, 78 F.4th 754, 764 (5th Cir. 2023); then quoting *Nazari v. State*, 561 S.W.3d 495, 502–03 (Tex. 2018); and then quoting *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006)).

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 62), and **ADOPTS** the M&R in its entirety, (D.E. 59). The Court **DENIES** Plaintiff's Amended Motion to Exclude Expert Witness Joe Abrams, (D.E. 35), and **DENIES** Plaintiff's Motion to Plea to the Jurisdiction, (D.E. 47).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
November 26th, 2024