United States District Court
Southern District of Texas
**ENTERED**
March 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BANQUETE INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 2:22-CV-00094 |
| THE ALLIANCE FOR COMMUNITY SOLUTIONS, LTD., | § § § | |
| Defendant. | § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason B. Libby's Memorandum and Recommendation ("M&R"). (D.E. 60). The M&R recommends that the Court:

(1) Grant Defendant's motion for summary judgment on Plaintiff's negligence and negligent misrepresentation claims;

(2) Deny Defendant's motion for summary judgment on Plaintiff's fraud claim;

(3) Deny Defendant's motion for summary judgment on Plaintiff's remedies of rescission, constructive trust, punitive damages, and attorney fees; and

(4) Deny Defendant's request for declaratory judgment holding that Texas Education Code § 44, rather than Texas Government Code § 2269, governs the Interlocal Agreement.

(D.E. 60, p. 10, 14, 16, 19). The parties both filed written objections. (D.E. 63; D.E. 64). Plaintiff filed a response to Defendant's objections. (D.E. 65). After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 63), **OVERRULES in part** and **SUSTAINS in part** Defendant's objections, (D.E. 64), and **ADOPTS in part** the M&R, (D.E. 60). Accordingly, the Court **GRANTS** Defendant's motions for partial summary judgment. (D.E. 29; D.E. 48).

### I. Law

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party "must point out with particularity" any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *See Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (declining to consider an objection supported only by a copy of the brief used previously in the original petition); *see also Smith v. Collins*, 964 F.2d 483, 485 (5th Cir. 1992) (declining to review de novo where defendant's objection "raised no factual objections to the recommendation but merely reurged the legal arguments he raised in his original petition"). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### II. Objections to the M&R

#### A. Plaintiff's objection to application of the economic loss rule

Plaintiff objects to the M&R's recommendation that the Court grant Defendant's motion for summary judgment on Plaintiff's negligence claim and negligent misrepresentation claim because the economic loss rule bars both claims. (D.E. 63, p. 1–2). Plaintiff contends that because

it withdrew its breach of contract claim from suit, "all claims . . . and all harm associated with [Plaintiff's] negligence claim [are] outside of" and "independent from any contractual undertaking." (D.E. 42, p. 10; D.E. 63, p. 2). Therefore, Plaintiff argues, the economic loss rule cannot bar its negligence and negligent misrepresentation claims. (D.E. 42, p. 10; D.E. 63, p. 2). Plaintiff further claims "actual damage" to its property—namely, wet floors—as evidence of injury that exceeds purely economic loss. (D.E. 42, p. 11; D.E. 63, p. 2).

Plaintiff previously presented these arguments[1] in its response to Defendant's motion for summary judgment. *Compare* (D.E. 42, p. 10–11), *with* (D.E. 63, p. 2). The arguments amount to mostly conclusory assertions that "a genuine issue of material fact exists" merely because "Plaintiff has demonstrated that all . . . elements . . . have been met." *See* (D.E. 63, p. 2). As arguments that only reintroduce those contained in the original briefing are improper, and conclusory statements need not be considered, the Court **OVERRULES** Plaintiff's objection. *See*

---

[1] The Court agrees with the M&R's conclusion of Plaintiff's attempt to circumvent the economic loss rule by alleging property damage. (D.E. 60, p. 8–10). The "economic loss rule generally prevents recovery in tort for purely economic damage unaccompanied by injury to persons or property." *Golden Spread Elec. Coop., Inc. v. Emerson Process Mgmt. Power & Water Sols., Inc.*, 954 F.3d 804, 808 (5th Cir. 2020) (first citing *LAN/STV v. Martin K. Eby Const. Co.*, 435 S.W.3d 234, 235 (Tex. 2014); then citing *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 418 (Tex. 2011); and then citing *Am. Eagle Ins. Co. v. United Techs. Corp.*, 48 F.3d 142, 144 (5th Cir.), *on reh'g*, 51 F.3d 468 (5th Cir. 1995)). Under Texas law, floor damage resulting from excessive water can be property damage beyond economic loss. *See, e.g.*, *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718–19 (Tex. 2014) (per curiam) (concluding economic loss rule did not bar recovery for water damage to property). However, Plaintiff did not claim any property damage until its opposition to summary judgment. *See* (D.E. 40, p. 7–8) (no claim of property damage); (D.E. 42, p. 11) (first claim of property damage); (D.E. 60, p. 8–9, n.3) (noting Plaintiff did not supplement information regarding floor damage until summary judgment). The M&R referenced Plaintiff's lack of evidence as the basis of its recommendation. (D.E. 60, p. 9). However, Plaintiff's property-damage claim does not suffice due to Plaintiff's failure to plead it. This failure is why Plaintiff cannot avoid the economic loss rule: Plaintiff has no claim for property damage properly before the Court. In other words, the lack of evidence noted by the M&R serves to demonstrate the problem that results from a party's failure to plead a claim. "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). Accordingly, the Court does not consider Plaintiff's property-damage claim.

*Edmond*, 8 F.3d at 293 n.7; *Nettles*, 677 F.2d at 410 n.8.

### B. Defendant's objections

Defendant lodges four objections to the M&R, disputing its conclusion on the (1) denial of declaratory judgment and refusal to decide the issue of statutory interpretation; (2) denial of summary judgment on Plaintiff's fraud claim absent evidence of damages under Texas law; (3) denial of summary judgment on Plaintiff's fraud claim after failing to properly analyze evidence relating to the elements of fraudulent intent and justifiable reliance; and (4) failure to rule on all alleged misrepresentations on which Plaintiff's fraud claim relies. *See* (D.E. 64, p. 1–2). However, as the Court will discuss, only the second objection is dispositive to the pending summary-judgment motion. *See id.* at 9–13. Accordingly, while the Court conducted a *de novo* review of the portions of the M&R to which Defendant objects, the Court discusses at length only those objections that are dispositive and **OVERRULES as moot** Defendant's other objections. (D.E. 64, p. 2–8, 14–19).

With respect to its second objection, Defendant objects on two grounds to the M&R's denial of summary judgment on Plaintiff's fraud claim; Defendant contends that the M&R failed to discuss the lack of evidence of damages as required in Plaintiff's claim and, instead, erroneously reached its conclusion based on a dispute over discovery.[2] (D.E. 64, p. 9–13). Defendant first maintains that Plaintiff's discovery request is "completely irrelevant to the fraud claim because it does not play a role in any permissible damage calculation[.]" *Id.* at 9. Thus, Defendant argues, because Plaintiff has otherwise failed to make the requisite showing of damages for fraud,

---

[2] The M&R noted that Defendant had refused Plaintiff's request for financial documents demonstrating where Defendant had spent Plaintiff's funds. (D.E. 60, p. 14–15). Defendant had refused on the grounds of irrelevance. *Id.* The M&R held that Defendant "should not be permitted to refuse to produce financial documents as to 'where funds from Plaintiff for the Project were spent' and then argue Plaintiff has not provided sufficient evidence of exact damages." *Id.*

summary judgment should be granted, contrary to the M&R's recommendation. *Id.* at 10–11.

Defendant alternatively maintains that even if the discovery requests were proper, Plaintiff failed to comply with the procedural requirements necessary to oppose summary judgment based on an allegation of deficient discovery. *Id.* at 9, 11. The proper vehicle for Plaintiff to oppose a motion for summary judgment, Defendant continues, is Rule 56(d). *Id.* at 11; *see* FED. R. CIV. P. 56(d) (nonmovant must show via affidavit or declaration facts essential to justify opposition). Citing *Jacked Up, L.L.C. v. Sara Lee Corporation*, 854 F.3d 797 (5th Cir. 2017), Defendant claims that Plaintiff failed to diligently pursue discovery under Rule 56(d) by failing to "submit any affidavit at all" or "raise the supposed discovery issue with the Court prior to its response to summary judgment" in a timely manner. (D.E. 64, p. 12–13) (footnote omitted). Given these failures, Defendant asserts that Plaintiff has not met the requirements of Rule 56(d), and Defendant is therefore entitled to summary judgment on Plaintiff's fraud claim. *Id.* at 13.

Before the Court turns to Defendant's arguments, the factual record of the discovery dispute—Defendant's refusal to produce "any financial documents showing where [Plaintiff's] funds" were deposited or spent—warrants discussion. (D.E. 42, p. 12). On November 30, 2022, Defendant refused Plaintiff's request for these documents, citing irrelevance. (D.E. 42-19, p. 31–32). In response to this refusal, Plaintiff took no further action to pursue these financial documents it alleges are vital to establishing damages in its fraud claim. *See* (D.E. 64, p. 11–12) (noting Plaintiff's failure to file either a motion to compel or a Rule 56(d) motion for continuance). Plaintiff "had over seventeen months to" seek judicial assistance, but did not. *See id.* at 12–13, (establishing period Plaintiff could act); (D.E. 11) (initial scheduling order); (D.E. 22) (amended scheduling order); (D.E. 41) (final scheduling order). *See also Lillie v. Off. of Fin. Insts. La.*, 997 F.3d 577, 587 (5th Cir. 2021) ("[T]he Federal Rules of Civil procedure place the onus on the

discovery-seeker to invoke the judicial process."). Now, to save its fraud claim facing summary judgment, Plaintiff points to Defendant's refusal of Plaintiff's discovery request to support its position that a genuine issue of material fact exists regarding damages. (D.E. 65, p. 3–4).

Addressing Plaintiff's diligence in discovery as an initial matter, Defendant's reliance on *Jacked Up*, while noteworthy, is misplaced. *Jacked Up* is distinguishable from the instant case for two reasons. First, the plaintiff's Rule 56(d) motion for a continuance in *Jacked Up* was denied *inter alia* because the documents sought in discovery at summary judgment were ultimately redundant where the record already established the defendant's account.[3] *Jacked Up*, 854 F.3d at 816. In contrast, the record here on the issue of damages for fraud is unclear and supports neither party's account. Second, Plaintiff's failure to seek judicial assistance with this particular area of discovery does not necessarily mean that Plaintiff's overall efforts in pursuing discovery within this litigation lacked diligence. *Jacked Up* is again distinguishable from the instant case where Plaintiff's diligence in pursuing discovery, although unexemplary, was evident. *See generally* (D.E. 42-1; D.E. 42-2; D.E. 42-3; D.E. 42-19). Unlike the *Jacked Up* plaintiff who failed to present any discovery evidence to support the elements in its claim, 854 F.3d at 815, Plaintiff has presented discovery evidence preliminarily establishing some elements required for its fraud claim, *see* (D.E. 42, p. 16–19; D.E. 60, p. 12–14). This showing may not attest to an exemplary diligence, but exemplary diligence is not required. *See Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006) (holding that plaintiff's efforts in discovery, while "not exemplary," did not lack diligence);

---

[3] The Fifth Circuit affirmed the district court's denial of the plaintiff's request for additional time for discovery prior to summary judgment after the plaintiff had recognized it lacked evidence to support its trade secret misappropriation claim. *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 815–16 (5th Cir. 2017). The plaintiff argued that it needed certain documents from the defendant to support its claim, but the record already clearly supported the defendant's position. *Id.* at 816. The court also found that the plaintiff did not diligently pursue discovery because it failed to move to compel production of the relevant documents during discovery, and the first time it sought judicial assistance was in response to a motion for summary judgment. *Id.*

*see also Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 404 (5th Cir. 2022) (per curiam) (collecting cases). On this issue, the Court finds that Plaintiff was reasonably diligent overall in conducting and pursuing discovery.

Although Plaintiff was somewhat diligent in pursuing discovery, that does not save its claim. Despite the Court's discretion to liberally construe procedurally defective requests as motions under Rule 56(d), Plaintiff fails to meet this low burden. Rule 56(d) motions are "broadly favored and should be liberally granted" as the rule allows for further discovery to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *See Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotations omitted) (citing *Culwell*, 468 F.3d at 871); *see also Total E&P USA, Inc. v. Marubeni Oil & Gas (USA), Inc.*, No. CV H-16-2674, 2017 WL 11713728, at *1 (S.D. Tex. Sept. 18, 2017) (Hittner, J.) (applying liberal standard). Even if a nonmovant fails to follow procedures prescribed in Rule 56(d), this "does not necessarily foreclose the court's consideration of the request." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir. 1991). As "long as the nonmoving party indicates to the court by 'some equivalent statement, preferably in writing' of its need for additional discovery, the nonmoving party is deemed to have invoked the rule." *Id.* (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1994 (5th Cir. 1986)); *see also McDougall v. Binswanger Mgmt. Corp.*, No. 3:10-CV-2563-D, 2012 WL 1109551, at *3–4 (N.D. Tex. Apr. 3, 2012) (Fitzwater, C.J.) (construing request as Rule 56(d) motion).

Here, Plaintiff has not made any equivalent indication or request to the Court of its need for additional discovery. Again, Plaintiff has only pointed to Defendant's refusal to its request for financial documents to show evidence of Plaintiff's damages for fraud. (D.E. 42, p. 12–13, 19). This is simply too inadequate of a statement to deem as one remotely "equivalent" to one properly

invoking Rule 56(d). *See Int'l Shortstop*, 939 F.2d at 1266–67. Despite the liberal standard that governs the rule's invocation, the Court is unable to identify any written statement in Plaintiff's briefing that equates to one construable as a Rule 56(d) motion. *See* (D.E. 42, p. 10) (noting that Plaintiff "may acquire additional evidence between now and the discovery deadline" without filing any affidavit or Rule 56(d) motion)[4]; (D.E. 64, p. 12–13) (noting Plaintiff failed to file affidavit or motion).

Further, even if the Court could identify some equivalent statement to construe as a Rule 56(d) motion (or had Plaintiff properly invoked Rule 56(d)), Plaintiff has not shown that it is entitled to the additional discovery sought. To receive a Rule 56(d) continuance, a party must show (1) why they need additional discovery; and (2) how that discovery will create a genuine issue of material fact. *Beattie*, 254 F.3d at 606 (citing *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999)). "If the additional discovery will not likely generate evidence germane to the summary judgment motion, the district court may, in its discretion, proceed to rule on the motion without further ado." *Shortstop*, 939 F.2d at 1267 (collecting cases). Here, Plaintiff cannot meet either prong because the discovery it requests fundamentally lacks relevance. Pursuant to Rule 26, "[p]arties may obtain discovery . . . that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Courts broadly construe relevance: a matter is relevant if it "encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (cleaned up) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Merrill v. Waffle*

---

[4] The cited discovery deadline, as amended for the second time, was May 2024. (D.E. 41, p. 1). Despite noting in its response to summary judgment (submitted in November 2023) stating the possibility of "acquir[ing] additional evidence between now and the discovery deadline," (D.E. 42, p. 10), Plaintiff has offered nothing further.

*House, Inc.*, 227 F.R.D. 467, 470–71 (N.D. Tex. 2005) (Ramirez, Mag. J.) (applying standard).

Texas law recognizes two measures of damages: (1) out-of-pocket and (2) benefit-of-the-bargain. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 49 (Tex. 1998) (first citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 817 (Tex. 1997); then citing *W.O. Bankston Nissan, Inc. v. Walters*, 754 S.W.2d 127, 128 (Tex. 1988); and then citing *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 373 (Tex. 1984)). "The out-of-pocket measure computes the difference between the value paid and the value received, while the benefit-of-the-bargain measure computes the difference between the value as represented and the value received." *Id.* (first citing *Arthur Andersen*, 945 S.W.2d at 817; and then citing *Leyendecker*, 683 S.W.2d at 373).

Despite the liberal standard of Rule 26(b)(1), Plaintiff fails to chin the bar. After review of Plaintiff's briefing, the Court is unable to determine any rationale that adequately explains the relevance of a discovery request generically seeking Defendant's financial documents to prove Plaintiff's damages. In its response to Defendant's first motion for summary judgment, Plaintiff blames its inability at this stage of the litigation to show damages as required for its fraud claim on Defendant's "refusal to produce any financial documents showing where [Plaintiff's] funds were deposited or when and how they were spent on Project expenditures." (D.E 42, p. 12). Plaintiff's objection to the M&R makes no further mention of this absence. *See generally* (D.E. 63). In its response to Defendant's objections claiming that Plaintiff's requested discovery is irrelevant, Plaintiff offers only a conclusory assertion—that "damages would be calculated under one of the two measures of damages for fraud" cognizable under Texas law.[5] (D.E. 65, p. 4).

---

[5] In its objection, Defendant noted that "[n]either of the permissible measures of fraud damages base any part of the calculation on 'where the Plaintiff's funds were spent.'" (D.E. 64, p. 10). In its response, Plaintiff avers that Defendant is incorrect to contend that the fraud claim is based on "where the Plaintiff's funds were spent" when the "claim is based around the false statements made by Defendant . . . ." (D.E. 65, p. 4).

9 / 12

This is simply not enough. As an initial matter, Plaintiff's assertion here is not an argument but an axiomatic conclusion: Plaintiff *must* be able to calculate damages under either cognizable measure as the final element of fraud, or its claim cannot prevail. Yet, it is unclear how Plaintiff would logically prove its damages by pointing to how Defendant spends Plaintiff's money. *See* (D.E. 64, p. 10).

Plaintiff's bare assertion invites far too many ambiguities. First, it is unclear how a generic request for "any financial documents or records which demonstrate where [Plaintiff's] funds . . . for the Project were deposited . . . [or] spent" would specifically uncover Plaintiff's damages. *See* (D.E. 42-19, p. 31–32). Plaintiff does not explain how it had intended to use this evidence to show cognizable damages in its fraud claim. *See generally* (D.E. 42, p. 12; D.E. 63, p. 2). Further, because money is fungible, any purported misappropriation or misuse of Plaintiff's funds may be difficult to trace. And, even if Plaintiff could locate its funds specifically paid to and deposited or spent by Defendant, any potential discrepancies could easily be attributable to other reasons—an obvious one being Defendant's expected profit margin.

Plaintiff leaves these issues unaddressed in its briefing, and, without clarification, the Court cannot conclude that the requested financial documents are either relevant, necessary, or that they would create a genuine issue of material fact. *Beattie*, 254 F.3d at 606 (citing *Stearns*, 170 F.3d at 535).

Accordingly, the Court now turns to the summary judgment motion. *Shortstop*, 939 F.2d at 1267. With respect to Defendant's objection to the M&R's recommendation to deny summary

---

Plaintiff's argument is not in fact an argument, but an incorrect statement of law. Damages are required to prove fraud. *Samson Lone Star Ltd. P'ship v. Hooks*, 497 S.W.3d 1, 13 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). If Plaintiff were to rely on Defendant's production of financial documents to prove its damages, then its fraud claim would be based on where Defendant purportedly spent Plaintiff's funds. *See* (D.E. 65, p. 4). Yet, Plaintiff notes that it has not based its claim on fraudulent use of funds. *Id.*

judgment on Plaintiff's fraud claim absent evidence of damages under Texas law, the Court **SUSTAINS** this objection. (D.E. 64, p. 9–13).

As Plaintiff has failed to show a genuine issue of material fact as to the element of damages for its fraud claim, the Court **GRANTS** summary judgment on that claim. (D.E. 29, p. 18, 23). Because Plaintiff's negligence and negligent misrepresentation claims also do not survive summary judgment, Plaintiff has no remaining claims for its remedies of rescission, constructive trust, punitive damages, and attorney fees to attach, so summary judgment is appropriate on these remedies, too.[6] *See generally* (D.E. 29, p. 23–24; D.E. 42, p. 19; D.E. 60, p. 15–16). Further, as no claims remain requiring the Court to determine which statute governs the Interlocal Agreement, the Court **DENIES as moot** Defendant's request for declaratory judgment. (D.E. 48, p. 8).[7]

### III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's and Defendant's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES**

---

[6] Although Plaintiff broadly pleads the remedies as separate claims, (D.E. 40, p. 6–7, 11–13), these remedies are not independent causes of action; Plaintiff must prevail on an underlying claim that allows an applicable remedy. *See, e.g.*, *Fazio v. Cypress/GR Houston I, L.P.*, 403 S.W.3d 390, 396 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc) ("Rescission is a type of remedy in a fraud claim[.]"); *Pickelner v. Adler*, 229 S.W.3d 516, 527 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (noting that constructive trusts are equitable remedies involving fraud); *Nabours v. Longview Sav. & Loan Ass'n*, 700 S.W.2d 901, 904 (Tex. 1985) (holding that punitive damages must be based on actual damage as a necessary element of an underlying tort); *Lakeside Vill. Homeowners Ass'n, Inc. v. Belanger*, 545 S.W.3d 15, 46 (Tex. App.—El Paso 2017, pet. denied) (citing *Huddleston v. Pace*, 790 S.W.2d 47, 49 (Tex. App.—San Antonio 1990, writ denied) (noting that attorney fees "are not recoverable in tort actions"); *Hong v. Havey*, 551 S.W.3d 875, 891 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)) (noting that a party must prevail on a breach of contract claim to recover attorney fees).

[7] As Plaintiff's fraud claim fails at summary judgment on the issue of damages, the Court need not reach Defendant's remaining objections to the M&R's analysis regarding declaratory judgment on the applicable statute, *see* (D.E. 64, p. 5–7); theories of misrepresentation underlying the fraud claim, *see id.* at 18–19; and the evidentiary sufficiency of fraudulent intent and justifiable reliance as requisite elements of fraud, *see id.* at 14–17.

Plaintiff's objections, (D.E. 63), **OVERRULES in part** and **SUSTAINS in part** Defendant's objections, (D.E. 64), and **ADOPTS in part** the M&R, (D.E. 60). Accordingly, the Court **GRANTS** Defendant's motions for partial summary judgment. (D.E. 29; D.E. 48). Specifically, the Court:

(1) **GRANTS** Defendant's motion for summary judgment on Plaintiff's negligence and negligent misrepresentation claims;

(2) **GRANTS** Defendant's motion for summary judgment on Plaintiff's fraud claim;

(3) **GRANTS** Defendant's motion for summary judgment on Plaintiff's claim for remedies of rescission, constructive trust, punitive damages, and attorney fees; and

(4) **DENIES** Defendant's request for declaratory judgment holding that Texas Education Code § 44, rather than Texas Government Code § 2269, governs the Interlocal Agreement.

The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
March 31st, 2025