Case 2:22-cv-00094   Document 94   Filed 02/06/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BANQUETE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:22-CV-00094 |
| THE ALLIANCE FOR COMMUNITY SOLUTIONS, LTD., | § § § § | |
| Defendant. | | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason B. Libby's Memorandum and Recommendation ("M&R"). (D.E. 91). The M&R recommends that the Court grant Plaintiff Banquete Independent School District's motion for summary judgment, (D.E. 83), and dismiss this case without prejudice for lack of subject-matter jurisdiction. (D.E. 91, p. 20). Defendant Alliance for Community Solutions, Ltd. filed written objections, (D.E. 92), to which Plaintiff filed a response, (D.E. 93). After review, the Court **OVERRULES** Defendant's objections, (D.E. 92), and **ADOPTS** the M&R in its entirety, (D.E. 91). Accordingly, the Court **GRANTS** Plaintiff's motion for summary judgment, (D.E. 83), and **DISMISSES without prejudice** the pending case.

### I. Law

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). A party must point out with particularity any alleged errors in the magistrate judge's

analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc) (*overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc)) (*superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)). When a party raises a new argument in his objections that was not first presented to the magistrate judge, it is not properly before the Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).

## II. Analysis

Defendant raises several objections to the M&R. (D.E. 92). The Court addresses those below.[1]

At the outset, Defendant objects and contends the M&R "incorrectly claims that [Defendant] abandoned its counterclaims." (D.E. 92, p. 1). Defendant correctly asserts it was entitled to amend its answer. *Id.* at 2–3. Under Federal Rule of Civil Procedure 15(a), an amended pleading supersedes the pleading it modifies. Fed. R. Civ. P. 15(a).[2] "Similarly, any alleged facts

---

[1] The Court **OVERRRULES** any objection not explicitly discussed as lacking sufficient particularity. *Pelko*, 2024 WL 1972896, at *1.

[2] Defendant contends it has demonstrated it intended to pursue its counterclaims. (D.E. 92, p. 2–3). "Several courts have determined that litigants do not waive their counterclaims after failing to replead them when the litigant has demonstrated [their] intent to continue to pursue the counterclaims." *Progressive Laboratories, Inc. v. Living Fuel, Inc.*, No. 3:23-CV-2052-B, 2024 WL 4183525, at *1 (N.D. Tex. Aug. 27, 2024) (Boyle, J.) (citation modified). "Thus, to avoid waiving their counterclaims when the plaintiff files an amended complaint, parties must either replead their counterclaims or otherwise demonstrate their intent to continue pursuing them." *Id.* (citing *Schutt a/n/f for A.S. v. Garland Indep. Sch. Dist.*, 3:17-CV-1708-B, 2019 WL 3006768, at *3 (N.D. Tex. July 9, 2019) (Boyle, J.)). The Court does not find this analysis persuasive. Although waiver of counterclaims is not explicitly addressed in the Federal Rules of Civil Procedure, "[c]ounterclaims . . . are subject to the same pleading requirements as complaints." *Deniece Design, LLC v. Braun*, 953 F. Supp. 2d 765, 776 (S.D. Tex. 2013) (Harmon J.); *see also Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (applying Rule 8's pleading requirements to counterclaims). A plaintiff's amended complaint entirely supersedes their prior complaint without consideration of the plaintiff's intent to waive omitted claims. *See Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015). Because Defendant's counterclaims are subject to the same requirements as pleadings under the Federal Rules of Civil Procedure, the Court declines to consider Defendant's intent in its analysis.

made in the original [pleading] and not incorporated in the amended [pleading] have been 'amended away.'" *Landmark Graphics Corp. v. Paradigm Geophysical Corp.*, No. Civ.A. H-05-2618, No. Civ.A. H-06-1790, 2007 WL 189333, at *1 (S.D. Tex. Jan. 22, 2007) (Rosenthal, J.) (quoting *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 101 (5th Cir. 1993)).

Applying that rule here, Defendant "amended away" its counterclaims. The Court considers Defendant's Third Amended Answer and Affirmative Defenses as its operative pleading. (D.E. 45) (filed November 30, 2023). This answer superseded both Defendant's First Amended Answer and Counterclaim, (D.E. 3) (filed May 16, 2022), and Defendant's Second Amended Answer, Affirmative Defenses, and Counterclaim, (D.E. 15) (filed November 23, 2022). Defendant's Third Amended Answer and Affirmative Defenses did not contain its counterclaims. (D.E. 45). Nor did it incorporate Defendant's counterclaims by reference. *Id.*

Accordingly, the Court finds that because Defendant's operative pleading failed to include its counterclaims, those claims are waived. *Landmark Graphics Corp.*, 2007 WL 189333, at *1. The Court **OVERRULES** Defendant's objection. (D.E. 92, p. 2–5). After conducting a de novo review of the issues raised by Defendant's other objections, the Court finds no error with the Magistrate Judge's findings and conclusions and **OVERRULES** the remaining objections. (D.E. 92).

### III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Defendant's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Defendant's objections, (D.E. 92), and **ADOPTS** the M&R in its entirety, (D.E. 91). The Court **GRANTS** Plaintiff's motion for summary judgment, (D.E. 83), **DENIES as moot** any remaining

pending motions, and **DISMISSES without prejudice** the pending case.

The Court will enter a final judgment separately.

SO ORDERED.

---
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
February 6th, 2026